## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KIMETRA BRICE, EARL BROWNE, and | § | |
| JILL NOVOROT, | § | |
|     *Plaintiffs,* | § | Misc. No. 3:21-mc-00023 |
| | § | |
| v. | § | (Relates to Case No. 3:18-cv-1200- |
| | § | WHO, in the United States District |
| HAYNES INVESTMENTS, LLC, and | § | Court, Northern District of California) |
| L. STEVEN HAYNES, | § | |
|     *Defendants.* | § | |

### BRIEF IN SUPPORT OF HAYNES INVESTMENTS, LLC, AND L. STEVEN HAYNES'S MOTION FOR PROTECTION

Defendants, Haynes Investments, LLC ("Haynes Investments"), and L. Steven Haynes ("Haynes" and together, "Defendants"), seek an order of protection from giving testimony sought by Plaintiffs, Kimetra Brice, Earl Browne, and Jill Novorot (collectively "Plaintiffs"), during a deposition taken in the matter known as Case No. 3:18-cv-1200-WHO, *Kimetra Brice et al. v. Haynes Investments, LLC, et al.*, pending in the United States District Court for the Northern District of California (the "California Lawsuit"). The sought testimony relates to a confidential settlement agreement entered into between Defendants and other parties (the "Settlement Agreement") in the matter known as Cause No. DC-19-13904, *Think Finance, LLC v. L. Steven Haynes, et al.*, pending in the 160th Judicial District Court of Dallas County, Texas (the "Texas State Court Lawsuit"). The parties to the California Lawsuit left the deposition adjourned at its conclusion for

1

Defendants to request that they not be compelled to provide that testimony. For the reasons below, the motion should be granted.

## SUMMARY OF MOTION

During a deposition conducted in the Northern District of Texas, Plaintiffs in the California Lawsuit sought to inquire about the entirely unrelated, private, and confidential Settlement Agreement tentatively resolving the Texas State Court Lawsuit against Defendants and other parties.

Defendants' counsel interjected during the questioning that Defendants would seek a protective order to prevent that testimony from having to be given. Subsequent discussions among the parties about whether a motion for protection would be necessary were unsuccessful and Plaintiffs have directed that Defendants must move for protection.

Despite Plaintiffs' insistence upon the need for this motion for protection, they have articulated no reason why the confidential terms of the Settlement Agreement in the Texas State Court Lawsuit are relevant to their claims or defenses in the California Lawsuit. There is a strong public policy favoring settlements, including maintenance of the confidentiality of private resolutions of litigation such as the one at issue. Indeed, Defendants would not only breach their contractual obligations under the Settlement Agreement if forced to disclose its terms, but disclosure would also result in breach of a court order abating final disposition of the Texas State Court Lawsuit pending compliance with the terms of the Settlement Agreement, including the confidentiality

2

provision. The private, confidential terms of the Settlement Agreement should not be disturbed; instead, the protective order sought by this motion for protection should be issued to prevent their disclosure.

**FACTUAL BACKGROUND**

1.    **Overview of the California Lawsuit.**

On March 21, 2019, Plaintiffs filed the California Lawsuit—a class action lawsuit alleging claims under RICO and various California state law causes of action. (Class Action Complaint, attached as **Exhibit 1**, at ¶¶ 1, 2.) Two of the defendants originally named in the California Lawsuit are Haynes Investments and Haynes. Plaintiffs allege that "Haynes Investments, LLC provided substantial capital used to make high-interest loans to consumers and participated in the affairs of the enterprise as explained [in the Class Action Complaint].... Haynes is the owner and managing partner of Haynes Investments." (Ex. 1 at ¶ 5.) The substantive allegations against both Haynes Investments and Haynes—although disputed—are further detailed in paragraphs 82 through 97 of the Class Action Complaint. (Ex. 1 at ¶¶ 82-97.) Both Haynes Investments and Haynes are residents of Dallas, Texas. (Ex. 1 at ¶¶ 18, 19.)

2.    **The deposition from which protection is sought.**

On February 12, 2021, Plaintiffs deposed Haynes in the California Lawsuit both in his individual capacity under Rule 30(b)(1) and as the corporate representative of Haynes Investments under Rule 30(b)(6). (Deposition Notices, attached as **Exhibits 2 & 3**.)

Haynes was designated to testify on behalf of Haynes Investments on 25 deposition topics (Ex. 3), and gave remote deposition testimony for more than six hours from his home in Dallas, Texas (Ex. 5).

Near the conclusion of the deposition, Haynes was asked a question that called for disclosure of the terms of the confidential Settlement Agreement between Haynes, Haynes Investments, and many others, including Think Finance, LLC ("Think Finance"), in the Texas State Court Lawsuit. The Texas State Court Lawsuit has no relevance to the issues in the California Lawsuit. Rather, the Texas State Court Lawsuit concerned a promissory note between Haynes Investments and Think Finance, as well Haynes Investments' subsequent investment of funds pursuant to the promissory note. (Think Finance's Second Amended Petition, dated April 6, 2020, attached as **Exhibit 4**, at ¶ 24.) During the deposition, Plaintiffs were able to, and did, question Haynes concerning the underlying promissory note. (Excerpts from the Deposition Transcript of Haynes, dated February 12, 2021, attached as **Exhibit 5**, at 242:2-253:17.) The only topic for which a protective order is being sought concerns the terms of the confidential Settlement Agreement arising from the Texas State Court Lawsuit. (Ex. 5 at 250:13-251:6.) The terms of the Settlement Agreement made in 2020, including any monetary consideration paid, have no relevance to the underlying claims Plaintiffs have against Defendants in the

California Lawsuit (Ex. 1), which focus on loans made by a third-party prior to June 1, 2016.[1]

The Texas state court with jurisdiction over the Texas State Court Lawsuit and the corresponding Settlement Agreement has issued an order abating those proceedings until March 30, 2021, pending compliance with the settlement terms. (Order Granting Joint Motion to Abate Proceedings Pending Settlement, signed August 26, 2020, attached as **Exhibit 6**.) Without disclosing the material terms of the Settlement Agreement, all parties (including Haynes) expressly agreed that confidentiality was essential and that no party was permitted to disclose the terms of the settlement agreement. (Declaration of L. Steven Haynes, dated March 4, 2021, attached as **Exhibit 7**, at ¶¶ 5, 6.)

During Haynes's deposition, he was asked a question that called for him to speak about the terms of the confidential Settlement Agreement. (Ex. 5 at 249:6-12.) Defendants' counsel interjected and asked to briefly discuss the matter with Plaintiffs' counsel off the record and explain Defendants' position. (Ex. 5 at 249:6-23.) Specifically, Defendants believed that seeking a protective order was the appropriate remedy; however, offered when the deposition resumed that Plaintiffs' counsel might wish to complete the

---

[1] To the extent Plaintiffs believe that the terms of the confidential settlement agreement have any bearing on Haynes's assets, such discovery is plainly improper. *See, e.g., Sierrapine v. Refiner Prod. Mfg., Inc.*, 275 F.R.D. 604, 609 (E.D. Cal. 2011)(collecting cases demonstrating that, with limited exceptions, "district courts across the country generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment").

deposition on other issues and leave the deposition adjourned afterward for Haynes to

file this motion:

> [Defendants' counsel:] All right. So just to put on the record
> the position Mr. Haynes is taking here. The question called for
> him to speak about a settlement agreement that's confidential.
> And as I explained to counsel for the [P]laintiffs, the options
> that I think I have at the moment are to either adjourn the
> deposition now or … to allow counsel to ask questions about
> unrelated topics and then allow the deposition to be
> adjourned at the conclusion.
>
> And I understand we're only going to go another four or five
> minutes, so I'd like to let [Plaintiffs' counsel] use that time for,
> you know, any productive purpose she wants other than
> talking about the confidential settlement.
>
> But, you know, we're going to seek a protective order in order
> to prevent Mr. Haynes from having to disclose the terms of
> the settlement agreement that he was speaking about.

(Ex. 5 at 250:13-251:6.)

Plaintiffs' counsel concluded the examination on other issues, and the parties

agreed to adjourn the deposition to allow Defendants to file this motion for protection,

but also agreed to discuss the issue further after the deposition. (Ex. 5 at 254:23-257:7.)

During subsequent discussions between Defendants' and Plaintiffs' counsel,

Plaintiffs indicated that they would consider whether they wished to pursue their

questioning about the confidential terms of the Settlement Agreement, which after

further deliberation, Plaintiffs confirmed they did and indicated this motion for

protection would be necessary. (Email between Defendants' Counsel and Plaintiffs' Counsel, attached as **Exhibit 8**.)[2]

## ARGUMENT AND AUTHORITIES

1.  **The Court has the authority to issue the protection sought by this Motion.**

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1). Where a party or other person from whom discovery is sought objects to the provision of that discovery, they may move for a protective order in the court where the action is pending or in the district court where the deposition is taken. *Id*. The deposition at issue was taken within this District, and it is therefore an appropriate venue for this motion for protection to be resolved.

2.  **The testimony Plaintiffs seek would unjustifiably require disclosure of the contents of the confidential Settlement Agreement resolving the Texas State Court Lawsuit—a lawsuit unrelated to the California Lawsuit.**

There is in Texas, as elsewhere, a public policy in favor of settlements to effectuate the efficient administration of justice. *E.g.*, *Sherman v. LaMothe*, No. CIVA 308-CV-1516-K, 2009 WL 812194, at *2 (N.D. Tex. Mar. 26, 2009) (citing *Elbaor v. Smith*, 845 S.W.2d 240,

---

[2] In addition to these subsequent discussions, the delay in the filing of this motion was also occasioned by the delayed receipt of the transcript due to the court reporter residing in Texas and being without power for a protracted period after the deposition. (Email from Court Reporter to Defendants' Counsel, dated February 17, 2021, attached hereto as **Exhibit 9**.)

250 (Tex.1992)). The Settlement Agreement at issue is one that was reached privately—although subject to the Texas state court's oversight pending final disposition, its terms were privately negotiated and not subject to judicial approval. (Ex. 6; Ex. 7 at ¶¶ 5-6.) "Keeping private settlement agreements confidential serves the interests of both the public and the parties, because it advances the strong public interest in, and policy objectives furthered by, promoting settlement. Consequently, courts should honor confidentialities that are bargained-for elements of settlement agreements." *Prater v. Commerce Equities Mgmt. Co.*, No. CIV.A. H-07-2349, 2008 WL 5140045, at *9 n.3 (S.D. Tex. Dec. 8, 2008) (internal quotation marks and citation omitted). "In the context of purely private settlements, disclosing the settlement amount may be inconsistent with the policy of promoting settlements among litigants." *Id*.

Moreover, confidential material, such as the terms of a confidential settlement agreement, is subject to protection because "[a]n answer to a deposition question revealing privileged material or other confidential material is considered to cause some serious harm." *Detoy v. City and Cnty. of San Francisco*, 196 F.R.D. 362, 365–66 (N.D. Cal. 2000) (citing *Paparelli v. Prudential Ins. Co. of Am.*, 108 F.R.D. 727, 730 (D. Mass. 1985)). Indeed, "[s]trong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated." *Brantley v. Boyd*, No. 07-CV-06139 NC, 2013 WL 1786585, at *2 (N.D. Cal. Apr. 25, 2013). Therefore,

absent demonstration of a sufficiently compelling need, courts will not "abrogate the parties' expectation of confidentiality." *Id.* at *1.

The underlying Settlement Agreement contains an express confidentiality clause requiring all parties to the settlement, including Haynes and Haynes Investments, to keep the terms of the Settlement Agreement confidential. (Ex. 7 at ¶¶ 5, 6.) The terms of the Settlement Agreement were privately negotiated and each term is material—indeed, neither Haynes nor Haynes Investments would have entered into the Settlement Agreement absent those terms, including in particular the confidentiality provision. (Ex. 7 at ¶¶ 5, 6.) To set aside the settling parties' expectation that their agreement would remain confidential (including the interests of third-parties whose interests are implicated in the disclosure of the settlement terms) would undermine public policy encouraging settlements, particularly when as here, Plaintiffs have not identified any compelling need for the information sought. *See, e.g.*, *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005) (party seeking discovery of a confidential settlement agreement must sufficiently explain the relevance thereof to warrant production); *Bunnett & Co., Inc. v. Dores*, No. A-15-CV-1104-LY-AWA, 2018 WL 3342883, at *2 (W.D. Tex. May 18, 2018) ("[R]elevant information [can] be obtained by other discovery mechanisms that do not have the same prejudicial concerns as requiring a party to produce a confidential settlement agreement."). Thus, the Settlement Agreement should remain confidential as expected by the parties and in accordance with public policy.

Moreover, the Texas state court has issued an order *requiring* compliance with the terms of the Settlement Agreement pending final disposition. (Ex. 5.) Haynes would therefore be required to not only breach his contractual obligations under the Settlement Agreement but also violate a court order, if forced to give the irrelevant testimony Plaintiffs seek. (Ex. 6.)

**3.    Plaintiffs have no need for the testimony they seek in aiding their claims in the California Lawsuit, nor have they articulated any need as required.**

Again, Plaintiffs have articulated no compelling explanation as to how the terms of the Settlement Agreement in the Texas State Court Lawsuit are relevant to any claims or defenses in the California Lawsuit. All Plaintiffs have said on this point is that they "do want to inquire further about" the terms of the Settlement Agreement (Ex. 8),[3] but they have not stated which aspects of the agreement which they seek to explore, why, or what possible relevance the confidential Settlement Agreement has to their claims in the California Lawsuit.

Given the context of the line of questioning underway at the time the issue of the confidential Settlement Agreement arose during the deposition, it appears Plaintiffs may wish to explore the financial terms of the agreement. Those terms have no bearing

---

[3] Plaintiffs' counsel stated in the email that they "want[ed] to inquire further about the note," (Ex. 8), but as reflected in the deposition transcript, this is presumably a typographical error. The only subject Defendants' counsel indicated would be subject to the protective order motion was "the terms of the [confidential] settlement agreement [Haynes] was speaking about," and that Plaintiffs otherwise *did* question Haynes regarding other non-confidential aspects of the note at issue. (Ex. 5 at 242:2-253:17.)

whatsoever on any potential claim or defense in the California Lawsuit. There is no good reason why, under these circumstances, public policy, the parties' expectations, and the Texas state court order should be set aside so that Plaintiffs may pry into a private settlement agreement that has nothing to do with their claims against Defendants in the California Lawsuit. Their attempts to invade that irrelevant confidential resolution of unrelated litigation borders on harassment and should not be allowed. Instead, the requested protective order should issue and the Settlement Agreement protected from disclosure.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that the Court grant this motion for protection and issue the enclosed proposed protective order.

Dated: March 4, 2021.

Respectfully submitted,

By: */s/ David A. Walton*

David A. Walton
Texas Bar No. 24042120
dwalton@bellnunnally.com
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Tel. (214) 740-1445
Fax (214) 740-5745

*Counsel for Defendants,*
*Haynes Investments and L. Steven Haynes*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent to the following parties of record in accordance with the Federal Rules of Civil Procedure on March 4, 2021.

Anna C. Haac
ahaac@tzlegal.com
Tycko & Zavareei LLP
1828 L Street, NW, Suite 1000
Washington, DC 20036
Tel. 202-973-0900, ext. 105
Fax 202-973-0950

*Counsel for Plaintiffs, Kimetra Brice, Earl Browne, and Jill Novorot*

Tanya S. Koshy
tkoshy@tzlegal.com
Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel. 510-254-6808
Fax 202-973-0950

*Counsel for Plaintiffs, Kimetra Brice, Earl Browne, and Jill Novorot*

David F. Herman
dherman@armstrongteasdale.com
Jonathan P. Boughrum
jboughrum@armstrongteasdale.com
Michael C. Witsch
mwitsch@armstrongteasdale.com
Armstrong, Teasdale, LLP
2005 Market Street, 29th floor
One Commerce Square
Philadelphia, PA 19103
Tel. 267-780-2015

*Counsel for Defendants in the California Lawsuit*

By:  */s/ David A. Walton*
       David A. Walton