IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMETRA BRICE, EARL BROWNE, and JILL NOVOROT, §§§§ | |
| Plaintiffs, §§ | Case No. 3:21-mc-00023-N-BT |
| v. §§ | |
| HAYNES INVESTMENTS, LLC, and L. STEVEN HAYNES, §§§§ | |
| Defendants. § | |

## DISCOVERY ORDER

Before the Court in this miscellaneous case arising out of a pair of cases pending in the Northern District of California, *Brice v. Rees*, No. 3:18-cv-1200-WHO (N.D. Cal.), and *Brice v. Stinson*, 3:19-cv-1481-WHO (N.D. Cal) (together, the "Underlying Action"), are: (1) Defendants' Motion for Protection, seeking to prevent testimony regarding the terms of a Texas state-court settlement agreement; and (2) Plaintiffs' Motion to Transfer Defendants' Motion for Protection to the Northern District of California. On April 8, 2021, the Court held a hearing on the parties' motions and, for the reasons stated on the record and as set forth below, the Court DENIED Plaintiffs' Motion to Transfer (ECF No. 9). The Court took Defendants' Motion for Protection under advisement to consider the settlement agreement at issue. Now, for the following reasons, the Court GRANTS, in part, Defendants' Motion for Protection (ECF No. 1) and orders Defendants to produce the settlement agreement (with the payment amount(s) redacted) to

1

Plaintiffs' counsel **no later than April 16, 2021**. When the parties resume Steven Haynes's deposition, Mr. Haynes will answer questions about the settlement agreement, but he will not be required to disclose the payment amount(s).

## Transfer

Under Federal Rule of Civil Procedure 26, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). As the Advisory Committee Notes explain, this provision recognizes the power of the court where a deposition is being taken to make protective orders—especially "when the deposition is being taken far from the court where the action is pending." Fed. R. Civ. P. 26(c) advisory committee's note to 1970 amendment. However, "[t]he court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." *Id.*

Defendants properly brought their Motion for Protection in this district because Mr. Haynes was deposed in Dallas. While Plaintiffs argued eloquently that the Court should transfer the matter to the California court where the Underlying Action is pending, the Court, in its discretion, finds that transfer is not warranted. Both parties submitted comprehensive briefs and made arguments during the April 8 hearing. Because of their efforts, the Court has a sufficient understanding

2

of the Underlying Action to rule on Defendants' motion. Also, the parties have narrowed their dispute to the discrete issue of whether Mr. Haynes must disclose the payment amount(s) of the settlement agreement. As narrowed, there is almost no risk that any ruling will impair the progress and management of discovery in the Underlying Action. This Court and the parties have invested judicial and other resources in presenting the matters for determination in this district. Remitting the motion to the California court would require duplication of effort and waste those resources. Therefore, judicial economy strongly favors deciding the motion for protection here. Plaintiffs' Motion to Transfer (ECF No. 9) is DENIED.

Protective Order

Federal Rule of Civil Procedure 26(c) grants a court discretion to issue protective orders limiting the manner and method of discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (citations omitted). A court may issue a protective order where the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). The court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

Judged against these standards, the Court finds that Plaintiffs have demonstrated good cause and a specific need for an order limiting disclosure of the financial terms of the confidential Texas state-court settlement agreement. Mr. Haynes and the other parties to the Texas litigation privately negotiated the financial terms of that settlement agreement and bargained for confidentiality of those terms. Maintaining the privacy of the settlement agreement's financial terms protects the public interest in promoting settlement. To the extent the specific financial terms of the settlement agreement are relevant to any issue in the Underlying Action, that relevance does not outweigh the interest in protecting the parties' private interest in maintaining the bargained-for confidentiality of those terms or the public interest in promoting settlement. *See Kent v. The N.Y. State Pub. Emps. Fed'n, AFL-CIO*, 2019 WL 457544, at *7 (N.D.N.Y. Feb. 5, 2019) (citing cases) (finding combination of strong public policy in promoting settlement of claims and parties' private interest in maintaining the confidentiality of settlement terms constitutes good cause for issuing a protective order for confidential settlement agreements). Accordingly, the Court GRANTS, in part, Defendants' Motion for Protection (ECF No. 1) and orders Defendants to produce the settlement agreement (with the payment amount(s) redacted) to Plaintiffs' counsel **no later than April 16, 2021**. When the parties resume Steven Haynes's deposition, Mr. Haynes will answer questions about the settlement agreement, but he will not be required to disclose the payment amount(s).

**SO ORDERED**.

April 9, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE